**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------X

JASMINE ROSARIO, Plaintiff,

Civil Action No:

-against-

**COMPLAINT**

**JURY TRIAL DEMANDED**

STRAIGHT LINE SOURCE INC., PLATINUM RAPID FUNDING GROUP, LTD., ALI HABIB MAYAR, in his individual and professional capacities, and DIMITRIOS TSIKIS, in his individual and professional capacities,

Defendants.

-----------------------------------------------------------------------------------X

Plaintiff JASMINE ROSARIO (hereinafter "Plaintiff" or "Ms. Rosario") by and through her attorneys, EMRE POLAT, PLLC, alleges against Defendants STRAIGHT LINE SOURCE INC., ("STRAIGHT LINE"), PLATINUM RAPID FUNDING GROUP, LTD ("PLATINUM RAPID"), ALI HABIB MAYAR ("MAYAR"), and DIMITRIOS TSIKIS ("TSIKIS") (collectively "Defendants") upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff complains pursuant to the Family Medical Leave Act, ("FMLA") 29 U.S.C. Chapter 28; and the New York State Human Rights Law (NYSHRL) (N.Y. Exec. §§ 290 to 301) seeking damages to redress injuries Plaintiff suffered as a result of discrimination and a sexually hostile work environment. Plaintiff further complains of retaliation for exercising

her statutory rights under the FMLA and complaining of the discrimination and sexually hostile work environment resulting in her unlawful termination.

2. Defendants have created and condoned a misogynistic work culture where men routinely refer to women as sexual objects and where women who complain of the misconduct are targeted for retaliation while the men are protected in the so called "boys club".

3. Defendants' institutional indifference, ignorance of the law, and outright hostility to the rights and dignity of its female employees has created and fostered a permissive and toxic sexist culture at Defendants in which women, including Plaintiff, are treated as sexual objects for the gratification of Defendants and their ring-leader, Defendant ALI HABIB MAYAR.

4. Although the #MeToo movement has shined a light on the misogynistic culture and the New York State Legislature has taken drastic steps to prevent the very such conduct in the workplace, Defendants have maintained a work environment which is pervasively rife with sexual comments and conduct against women.

5. Though Defendants are doubtlessly aware that the anti-discrimination laws in place are intended to *encourage* women to speak out about these abuses and that there has been a broad societal movement towards empowering women, when Plaintiff raised complaints about this very conduct and recommended requisite sexual harassment training to her supervisor, she was chastised and immediately terminated in retaliation.

6. Plaintiff hopes to send a message to Defendants that there is no place in our society for such vulgar comments against women and that women must be embraced as equals and not treated as sexual objects for the pleasure and indulgence of men.

7. Accordingly, Plaintiff seeks injunctive and monetary relief to redress the unlawful conduct.

## NATURE OF CLAIMS

8. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' willful and malicious violations of the FMLA and NYSHRL.

9. This lawsuit arises out of an ongoing wrongful scheme by Defendants to subject Plaintiff and other women to sexual harassment because of their sex.

10. This discrimination includes Defendants' systematic subjection of Plaintiff to disgusting and degrading sexual harassment, creating a sexually hostile work environment that was so inappropriate and outrageous that any member of society would take offense.

11. During her employment with Defendants, Plaintiff was subjected to flagrantly lewd, vulgar, and repulsive sexual conduct and comments by an erratic supervisor, Defendant ALI HABIB MAYAR, who would routinely flaunt his wealth to employees, make racist comments against minorities, make advances toward female employees, and outright condone the sexually hostile work environment to his male-comradery composed of his friends.

12. Defendants willful blindness of the sexual harassment laws and procedures led Plaintiff, along with other women in the office, to be subject to sexual harassment and a hostile work environment.

13. In fact, Defendant ALI HABIB MAYAR and his and male counterparts condoned the egregious conduct by directing Plaintiff, while hiring sales employees, to specifically target **"young, poor, and desperate"** candidates and specifically informed Plaintiff **"not to hire women for sales positions."**

14. The discrimination and hostile work environment were so evident that former employees posted their experiences on *www.glassdoor.com*, complaining about the inappropriate sexual conduct by senior management, including sexual advances made by Defendant ALI HABIB MAYAR to another employee.

15. Indeed, rather than availing itself of the protective laws and regulations enacted by the New York State Legislature to prevent the very such conduct herein and protect female employees, such as Plaintiff, Defendants instead retaliated against the very female victim who has the temerity to stand up and denounce such conduct, all in an effort to silence Plaintiff and protect its own senior management and reputation.

16. Defendants' conduct was knowing, malicious, willful and wanton. Defendants showed a reckless disregard for Plaintiff, as a female, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, severe emotional distress, and permanent harm to her professional and personal reputation.

**JURISDICTION AND VENUE**

17. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question. The Court has supplemental jurisdiction over the New York State causes of action as the facts supporting these causes of action also arise from the same nucleus of events forming the basis for the federal causes of action.

18. Venue is appropriate under 28 U.S.C. § 1391 (b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, the Defendant regularly conducts business in this district and the Defendant is subject to personal jurisdiction in this district.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ADMINISTRATIVE PREREQUISITES**

20. Plaintiff has filed Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Upon issuance of a Notice of Right to Sue from the EEOC, Plaintiff shall seek leave to amend this Complaint, premised on substantially the same facts as asserted herein, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII).
21. Any and all additional prerequisites to the filing of this suit have been met.

**PARTIES**

22. Plaintiff Jasmine Rosario is a former employee of Defendants and is a resident of the State of New York.
23. Defendant STRAIGHT LINE is an alternative lending solution company targeting businesses that are unable to receive business funds through conventional institutions.
24. Defendant STARIGHT LINE boasts that it has delivered $300 million to clients.
25. Defendant PLATINUM RAPID also provides alternative funding for businesses in the form of a merchant cash advance.
26. That at all times hereinafter mentioned, Defendant STRAIGHT LINE was and is a domestic for-profit business duly organized to conduct business in the State of New York and operates out of RXR Plaza in Uniondale, New York.

27. That at all times hereinafter mentioned, Defendant PLATINUM RAPID was and is a domestic for-profit business duly organized to conduct business in the State of New York and also operates out of RXR Plaza in Uniondale, New York.
28. That at all times hereinafter mentioned, Defendant ALI HABIB MAYAR was and is a resident of the State of New York.
29. That at all times herein relevant, Defendant ALI HABIB MAYAR was and is the CEO, owner, and/or employee of Defendant STRAIGHT LINE and Defendant PLATINUM RAPID.
30. That at all times herein relevant, Defendant ALI HABIB MAYAR was a superior and/or supervisor of the Plaintiff.
31. That at all times herein relevant, Plaintiff was in a position subordinate to the Defendant ALI HABIB MAYAR with regard to her employment with Defendant STRAIGHT LINE and Defendant PLATINUM RAPID.
32. That at all times herein, Defendant STRAIGHT LINE and PLATINUM RAPID jointly employed Plaintiff.
33. That at all times herein, Defendant STRAIGHT LINE and PLATINUM RAPID operated interchangeably and with a common purpose of providing alternative financing to businesses.
34. That at all times herein, Defendant STRAIGHT LINE and PLATINUM RAPID interchangeably utilized the same resources in furtherance of its businesses and were otherwise a common and joint entity and employer both owned and operated by Defendant ALI HABIB MAYAR.

35. That at all times herein, Defendant ALI HABIB MAYAR met the definition of an "employer" under all applicable statutes and exercised the authority to control Plaintiff's employment, including her work assignments, pay, and responsibilities.

36. That at all times hereinafter mentioned, Defendant DIMITRIOS TSIKIS was and is a resident of the State of New York.

37. That at all times herein relevant, Defendant DIMITRIOS TSIKIS was an owner, and/or employee of Defendant STARIGHT LINE and Defendant PLATINIUM RAPID.

38. That at all times herein relevant, Defendant DIMITRIOS TSIKIS was a superior and/or supervisor of the Plaintiff.

39. That at all times herein relevant, Defendant DIMITRIOS TSIKIS was in a supervisory or managerial position with the Defendant STRAIGHT LINE.

40. That at all times herein, Defendant DIMITRIOS TSIKIS met the definition of an "employer" under all applicable statutes and exercised the authority to control Plaintiff's employment, including her work assignments, pay, and responsibilities.

41. That at all times herein relevant, Defendant ALI HABIB MAYAR and Defendant DMITIRIOS TSIKIS exercised control over the employment terms and conditions of Plaintiff and exercised the power and authority affecting the quality of employment of Plaintiff and other employees.

42. That at all times relevant, Plaintiff reported to Defendant DIMITRIOS TSIKIS and Defendant ALI HABIB MAYAR, individually, and together at times.

43. Defendants exercised control over the operations of the business and its compliance with the FMLA and the New York State Human Rights Law with regard to discrimination, sexual harassment, retaliation and the requisite preventions and trainings thereof.

44. At all relevant times, Defendant ALI HABIB MAYAR, Defendant DIMITRIOS TSIKIS, and other male employees aided and abetted in the pervasive sexual harassment, hostile work environment, discrimination and retaliation of Plaintiff.

## FACTUAL ALLEGATIONS

45. Plaintiff commenced employment with Defendant on or about October 12, 2015.
46. Plaintiff was employed as an Office Manager.
47. As an Office Manager, Plaintiff was responsible for the day-to-day administrative tasks of Defendants and Human Resources, including but not limited to, recruiting candidates for positions with the Defendants.
48. At all times relevant, Plaintiff was an exemplar employee throughout her employment with Defendants.
49. Plaintiff, as well as other women in the office, were confronted with appalling discrimination and pervasive sexual harassment.
50. By way example, on numerous occasions Defendant ALI HABIB MAYAR directed Plaintiff to hire candidates that were deemed as **"young, poor, and desperate"**
51. Plaintiff was also directed by Defendant ALI HABIB MAYAR **"not to hire women for sales positions"** and **"not to hire those ghetto ass people"** when referring to Hispanic and African-American candidates.
52. Defendant ALI HABIB MAYAR, as well as other males in the comradery, used their authoritative positions over Plaintiff and other female staff by continuously making lewd and demeaning comments about women and by constructing women into sexual objects.
53. Just some of the comments made by Defendant ALI HABIB MAYAR and other males during daily morning recaps include, but are not limited to:

a. **“You were wifey material until I saw that tattoo, now you downgraded to side piece”** (directed to Plaintiff);

**b. “Look at how she looks at me, she wants it so bad”;**

**c.** “**Her pussy must smell so good”;**

**d. “Damn she looks so good today”;**

**e. “Look at all these fresh young pussy walking into the office, fresh out of the shower”; and**

f. **“Your boyfriend must’ve broken your back last night”** (directed at Plaintiff).

54. Plaintiff would routinely be subject to listen to comments by males in the office about **“running a train on women”** that they would find sexually attractive in the office.

55. When Plaintiff attempted to relay her discontent with the offensive and hostile comments, she would routinely be ignored and chastised by the male counterparts, including Defendant ALI HABIB MAYAR and Defendant DIMITRIOS TSIKIS.

56. By way of example, Plaintiff was directed by her male counterparts to **“back off, let her dress like a slut”** when she attempted to advise another female employee that she was not dressed to proper dress code.

57. Indeed, it was evident that the males in the office found this conduct to be proper as it was condoned and often made by their superior, Defendant ALI HABIB MAYAR.

58. Defendant ALI HABIB MAYAR, an Afghan- American, condoned inequality among the men and women.

59. By way of example, during Plaintiff’s employment, Defendant ALI HABIB MAYAR called all the women into the office and advised them to “dress better” and to be conscious of “their looks”, implying that they should be dressed in a sexually attractive manner. At the

end of the meeting, Defendant ALI HABIB MAYAR asked Plaintiff to remain in the room while the other women left and advised Plaintiff that "she was the worst one" and that "she needed to lose weight" and "be more presentable."

60. Despite fearing retaliation, Plaintiff gained the courage to bring to light the incessant inappropriate comments she was subjected to and witnessed.

61. On many occasions, Plaintiff requested sexual harassment training for the office to Defendant ALI HABIB MAYAR, but was simply chastised rebuffed.

62. As a result, Plaintiff became more and more uncomfortable every day as she feared to come to work.

63. On or about March 2018 to June 2018, Plaintiff experienced health issues which resulted in her hospitalization.

64. When Plaintiff tried to address her health condition with Defendant ALI HABIB MAYAR, she was scolded immediately as Defendant ALI HABIB MAYAR repeatedly slammed his hands on the desk out of anger, while cursing at Plaintiff, as the entire staff was watching. It was evident that Defendant ALI HABIB MAYAR was attempting to set an example and show his male chauvinistic rein to his fellow male comradery in the office.

65. Defendant ALI HABIB MAYAR then mandated Plaintiff to take a leave of absence.

66. That at all times, Defendants mandated Plaintiff to exercise FMLA leave, which Plaintiff thereupon commenced.

67. That at all times, Defendants then reduced Plaintiff's salary to $1,000 per month, which is well below her regular salary.

68. Furthermore, as an act of retaliation, upon Plaintiff's return from her medical leave, Plaintiff was intentionally demoted to Administrative Assistant and was not placed in the same job or one that was equivalent.

69. By way of further retaliation, Plaintiff was now ostracized and asked to provide documentation for even her one day of absence, whereas, other males in the office, who routinely had poor attendance and would at times voluntarily take days and weeks off without prior notice, were never required to provide any documentation or reprimanded.

70. In her administrative capacity, when Plaintiff would inquire with these male individuals about documentation regarding their unexcused leave, she was instructed by Defendant ALI HABIB MAYER to "**back the fuck off and leave them the fuck alone.**"

71. Consequently, Defendant ALI HABIB MAYAR was well aware that Plaintiff was complaining regarding the hostile work environment and the male chauvinistic culture he fostered and condoned.

72. Defendant ALI HABIB MAYAR immediately began placing a target on Plaintiff's back by confronting her for conduct that no other male employee was reprimanded for. Such conduct included, but was not limited to, spending time doing personal work, whereas, other males in the office would constantly spend work hours doing personal work without any repercussions.

73. Indeed, Defendant TSIKIS on multiple occasions directed Plaintiff to assist him while Plaintiff was in the office with his separate and personal real estate business by writing emails for him, mailing letters, and translating in Spanish to Hispanic clients of his personal businesses.

74. Defendants fostered a work environment where rules were bent for male employees whereas the females were openly held to a lower standard and discriminated against.

75. Plaintiff could no longer bear the mistreatment towards women, including herself, in the office and the pervasive discrimination and lewd sexual comments.

76. Accordingly, on March 19, 2019, Plaintiff emailed the HR Manager reminding him again regarding the hostile work environment in the office and about the inappropriate comments made by an "executive" and again recommended that steps should be taken towards correcting this issue through formal sexual harassment training as required by law.

77. Within just two hours after sending the email, Defendant ALI HABIB MAYAR called Plaintiff into his office and directed her not to bring her cellphone and then angrily yelled at her and terminated her employment as an act of final retaliation.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation and Interference with Plaintiff's Rights under the FMLA)**

78. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as fully set forth.
79. Defendants interfered with Plaintiff's rights under the FMLA.
80. Plaintiff gave information sufficient to place the defendant on notice that her absence from work was due to a FMLA-qualifying condition.
81. The Defendants subjected Plaintiff to undue scrutiny and discipline for exercising her rights pursuant to the FMLA.
82. The Defendants refused to advise the Plaintiff of her rights under the FMLA.
83. The Defendants failed to post the required notices and information regarding FMLA in their

workplace locations.

84. The Defendants then mandated Plaintiff to take a leave of absence.

85. The Defendants decreased Plaintiff’s salary to $1,000 per month, which is well below her salary, for the two months of her medical leave.

86. The Defendants violations of the FMLA and the regulations which implement it constitute "interfering with" restraining and denying the exercise of Plaintiff's rights provided by the FMLA.

87. "Interfering with" includes manipulation by a covered employee such as the Defendants to avoid responsibilities under the FMLA.

88. That these acts are a willful violation of the FMLA, in that Defendants have knowingly denied, restrained and interfered with Plaintiff's exercise of or attempt to exercise any and all of her rights under the FMLA.

89. By its willful conduct, the Defendants have engaged in outrageous behavior, and have thus caused Plaintiff severe emotional distress.

90. As a direct and proximate result of Defendant’ willful, knowing and intentional discrimination against the Plaintiff, Plaintiff has suffered and will continue to suffer pain, extreme and severe mental anguish, emotional anguish, and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses; Plaintiff has suffered and will continue to suffer a loss of earnings, loss of job opportunities, and other employment benefits such that Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.

91. That as a direct result of the foregoing, the Plaintiff is entitled to recover damages as provided by the FMLA and 29 U.S.C. §2617.

92. As a further and proximate result of Defendant's violations of the FMLA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and each of them, and has incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Plaintiff requests that attorney fees be awarded.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Retaliation under FMLA)**

93. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same herein as though fully set forth herein.

94. Defendants retaliated, mandated and then sanctioned the Plaintiff for taking leave time off to care for her serious health conditions, when in fact that leave would qualify under the FMLA.

95. The Defendants knowingly and maliciously demoted Plaintiff to Administrative Assistant, reduced her salary, and did not place her in the same job or one that was equivalent, upon her return.

96. That these acts are a willful violation of the FMLA, in that Defendants have denied, restrained, interfered with and retaliated against the Plaintiff for Plaintiff's exercise of or attempted exercise of rights under the FMLA, and entitle the Plaintiff to recover damages as per 29 U.S.C. § 2617.

97. That as a direct result of the foregoing, the Plaintiff is entitled to recover damages as provided by the FMLA and 29 U.S.C. §2617.

98. As a further and proximate result of Defendants' violations of the FMLA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and each of them, and has incurred and will

continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Plaintiff requests that attorney fees be awarded.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Gender Discrimination/Sexual Harassment in Violation of New York State Executive Law)**

99. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

100. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

101. The aforesaid acts of intentional sexual harassment perpetrated by Defendants violated Plaintiff's rights as provided under New York State Human Rights Law – Executive Law Section 290 *et seq*.

102. As a consequence of the foregoing conduct by Defendants, Plaintiff has sustained and continues to sustain conscious pain and suffering, physical injury, great mental distress, shock, fright and humiliation. In addition, Plaintiff has incurred and continues to incur monetary economic loss as she was subjected to adverse employment action, including the termination of her employment.

103. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**<u>(Hostile Work Environment Under New York State Executive Law)</u>**

104. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

105. Executive Law § 296 provides for a hostile work environment claim where Plaintiff shows that her work environment involved serious or pervasive harassment… of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.

106. The sexually hostile work environment for women created, perpetuated, encouraged, and maintained by Defendants, its officers, directors, supervisors, managers and/or employees violated Plaintiff's rights as provided under New York State Human Rights Law – Executive Law Section 290 *et. seq.*

107. As a consequence of the foregoing conduct by Defendants, Plaintiff has sustained and continues to sustain conscious pain and suffering, physical injury, great mental distress, shock, fright and humiliation. In addition, Plaintiff has incurred and continues to incur monetary economic loss as she was subject to adverse employment action.

108. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**<u>(Retaliation Under New York State Executive Law)</u>**

109. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed practices forbidden under this article."

110. The aforesaid acts of intentional retaliation against Plaintiff by Defendants, its officers, directors, supervisors, managers and/or employees violated Plaintiff's rights provided under New York State Human Rights Law – Executive Law Section 290 *et. seq.*

111. As a consequence of the foregoing conduct by Defendants, Plaintiff has sustained and continues to sustain conscious pain and suffering, physical injury, great mental distress, shock, fright and humiliation. In addition, Plaintiff has incurred and continues to incur monetary economic loss as she was subjected to adverse employment action.

112. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

**INJURY AND DAMAGES**

113. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendants for the following relief:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the FMLA 29 U.S.C. §2617 and awarding Plaintiff a recovery for damages sustained;

B. Declaring that the Defendants engaged in unlawful employment practices prohibited by the New York State Executive Law § 296 et seq., and awarding Plaintiff a recovery for damages sustained;

C. Declaring that the Defendants harassed, discriminated against, retaliated against and terminated the Plaintiff on the basis of her sex and awarding Plaintiff a recovery for damages sustained;

D. Awarding damages to the Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

E. Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorney's fees, costs and expenses; and

H. Awarding Plaintiff such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 6, 2019
New York, New York

**EMRE POLAT, PLLC**
EMPLOYMENT ATTORNEYS

/s/ *Emre Polat*

Emre Polat, Esq. (EP1814)
45 Broadway, 14th Floor
New York, New York 10006
(212) 480-4500
emre@emrelaw.com
*Attorneys for Plaintiff*